STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH JADACH, PLAINTIFF IN ERROR.

Submitted May 2, 1939—Decided June 29, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiff in error, *Hyman Tulbowitz.*

For the defendant in error, *Daniel O'Regan* and *Raymond J. Otis.*

PER CURIAM.

Plaintiff in error, with two others, was indicted on a charge of holding up and robbing an attendant of a gasoline station in Secaucus on May 31st, 1938. The trial took place on December 12th, 1938, in the Hudson County Court of Quarter Sessions, and the jury found the plaintiff in error, and the other two defendants, guilty as charged.

The plaintiff in error asserts that there was no evidence to connect him with the hold-up and that it was error for the trial judge to deny the motion for acquittal at the close of the state's case. We think not.

The state proved that one John Flanagan was attending the gasoline station; that three young men drove up in a car bearing the license number H-13412; that Flanagan identified two of the men as Wylot and Giannino, joint defendants with plaintiff in error; that Flanagan was unable to identify the third young man at the driving wheel, because

he kept his face turned from Flanagan. It was established that plaintiff in error, with the other two defendants, rented space in a garage for the identical car used in the hold-up. In a statement to police authorities by plaintiff in error, he said: "Then another night we went out for a ride and when we reached Secaucus we drove into a gasoline station and got some gas and again Wylot and Iggie took the man into the station and came out and got in and told me to drive away, and we drove home."

These circumstances clearly raised a question of fact as to the presence of plaintiff in error at the scene of the holdup in Secaucus and as to his knowing participation therein. He did not testify, nor was there any contradiction of any of the state's evidence. In the factual situation presented, we conclude that there was a question of fact for the jury's determination as to the presence and unlawful participation of plaintiff in error in the alleged offense, and that the motion for acquittal was properly denied.

Plaintiff in error makes general allegations of error in the admission of evidence and in the refusal to permit some questions on cross-examination. None of the reasons or specifications assigned as error are argued in plaintiff in error's brief, but we have carefully examined same and conclude that there was no harmful error on the part of the trial judge in his rulings or in his charge to the jury.

The conviction and judgment under review will be affirmed.